# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DE'CARLOS K. CHAMBERS,**
      **Petitioner,**

**v.**
                                              **Case No. 21-CV-1420**

**LARRY FUCHS,**
      **Respondent.**

---

## ORDER

On December 14, 2021, De'Carlos K. Chambers filed this habeas petition under 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. ECF No. 1. Under Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt consideration and dismiss "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. During this initial review, I look to see whether the petitioner has set forth cognizable constitutional claims and exhausted available state remedies.

Chambers asserts four claims for relief in his petition—each of which is a cognizable constitutional claim. He asserts one claim of ineffective assistance of appellate counsel under *Strickland v. Washington*, 466 U.S. 668 (1984); two claims concerning the use of false testimony at trial under *Napue v. Illinois*, 360 U.S. 264 (1959); and one claim concerning the absence of counsel at a pre-trial lineup under *U.S. v. Wade*, 388 U.S. 218 (1967).

On the question of exhaustion, Chambers acknowledges that he did not present these four claims on his direct appeal in state court. The opinions of the Wisconsin Court

of Appeals and the Wisconsin Supreme Court, which Chambers attached to his petition, confirm this fact. Both opinions only address one issue: Whether Chambers' trial counsel conceded his guilt in violation of *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018). *State v. Chambers*, 955 N.W.2d 144, 147 (Wis. 2021); *State v. Chambers*, 2020 WI App 47, ¶ 3.

That, alone, does not determine whether Chambers' claims are unexhausted, for exhaustion and procedural default are distinct concepts. This distinction is significant because district courts treat unexhausted claims differently than procedurally defaulted claims. The Antiterrorism and Effective Death Penalty Act (AEDPA) precludes district courts from granting habeas relief on unexhausted claims. 28 U.S.C. § 2254(b)(1)(A). Ordinarily, a district court should dismiss a petition with unexhausted claims without prejudice to allow the petitioner to litigate the claims in state court. *See, e.g., Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004); *Rose v. Lundy*, 455 U.S. 509, 522 (1982). On the other hand, a district court may grant habeas relief on a procedurally defaulted claim but only if "the petitioner can demonstrate both cause for and prejudice stemming from that default, or he can establish that the denial of relief will result in a miscarriage of justice." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) (citations omitted).

Exhaustion focuses on whether the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Without more, a petitioner could technically meet the exhaustion requirement by allowing all state remedies to expire. But this would defeat the purpose of exhaustion, which "reflects a policy of federal-state comity, 'an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting

*Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)). Thus, the Supreme Court requires a petitioner to "'fairly present' [each] claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A procedural default occurs "when the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed." *Perruquet*, 390 F.3d at 514. Therefore, the relevant question at this stage is whether Chambers can return to state court to raise his claims.

The Seventh Circuit has provided a helpful overview of Wisconsin's postconviction and direct appeal procedures:

> The procedures governing the review of Wisconsin criminal convictions are set forth in §§ 974.02 and 974.06 of the Wisconsin Statutes. After a conviction in a Wisconsin trial court, a defendant's first avenue of relief is a postconviction motion under § 974.02. This motion is filed in the trial court in which the conviction was adjudicated. Arguments concerning sufficiency of the evidence or issues previously raised before the trial court need not be raised in this motion in order to preserve the right of appeal with respect to them. See Wis. Stat. § 974.02(2); *State ex rel. Rothering v. McCaughtry*, 205 Wis.2d 675, 556 N.W.2d 136, 137 n. 3 (1996). Any other claim, such as ineffective assistance of [trial] counsel, must first be brought in a § 974.02 motion. See *State v. Waites*, 158 Wis.2d 376, 462 N.W.2d 206, 213 (1990) (holding ineffective assistance of [trial] counsel claim waived because it was not first raised in a postconviction hearing before the trial court); *Rothering*, 556 N.W.2d at 137 (same); *State v. Hayes*, 167 Wis.2d 423, 481 N.W.2d 699, 700 (1992) (noting that an issue not properly preserved by a § 974.02 motion is waived). If an issue is raised in the § 974.02 motion but relief is denied by the trial court, the defendant then may appeal to the Court of Appeals of Wisconsin.
>
> After the times for filing postconviction motions under § 974.02 and for taking the subsequent direct appeal have expired, the defendant has the option of seeking a collateral attack on the judgment under Wis. Stat. § 974.06. Any such collateral challenge follows the same procedural path as the direct appeal. The initial filing is made by motion in the trial court and subsequent appeals, if any, are made in the appellate courts. Motions under § 974.06 are limited to jurisdictional and constitutional issues. Procedural

3

errors are not cognizable. *See State v. Carter*, 131 Wis.2d 69, 389 N.W.2d 1, 5 (1986). Section 974.06(4) further limits the claims that may be raised collaterally. It provides:

> All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

Wis. Stat. § 974.06(4). The Wisconsin Supreme Court has interpreted § 974.06(4) to exclude all issues that were or could have been raised in a § 974.02 postconviction motion or appeal, including constitutional issues, unless the defendant provides "sufficient reason" for not raising the issues in that earlier proceeding. *See Escalona–Naranjo*, 185 Wis.2d 168, 517 N.W.2d 157, 162 (1994).

*Page v. Frank*, 343 F.3d 901, 905–06 (7th Cir. 2003). To that, I add that there are different procedures for raising claims of ineffective assistance of appellate counsel and claims of ineffective assistance of postconviction counsel. *See State ex rel. Warren v. Meisner*, 944 N.W.2d 588, 594–95 (Wis. 2020) (explaining distinction between ineffective assistance of appellate counsel and ineffective assistance of postconviction counsel). To raise a claim of ineffective assistance of appellate counsel, a criminal defendant must file a petition for habeas corpus in the Wisconsin Court of Appeals. *State v. Knight*, 484 N.W.2d 540, 544 (Wis. 1992). To raise a claim of ineffective assistance of postconviction counsel, a criminal defendant must file a petition for habeas corpus or a Wis. Stat. § 974.06 motion in the trial court. *State ex rel. Rothering v. McCaughtry*, 556 N.W.2d 136, 139 (Wis. Ct. App. 1996).

Considering the foregoing, Chambers still has an opportunity to raise his four claims in state court. He may raise the ineffective assistance of counsel claim—if that is

4

how it is properly characterized under Wisconsin law, *see Meisner*, 944 N.W.2d at 594–95—in a petition for habeas corpus in the Wisconsin Court of Appeals. He may raise the other three claims in a Wis. Stat. § 974.06 motion. To be sure, Chambers will have to overcome the *Escalona* hurdle on these three claims. *See State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157, 164 (1994). But caselaw suggests that ineffective assistance of appellate or postconviction counsel could constitute "sufficient reason" to excuse a prisoner's failure to raise a claim in an earlier proceeding. *See, e.g.*, *State v. Romero-Georgana*, 849 N.W.2d 668, 678 (Wis. 2014); *Rothering*, 556 N.W.2d at 139. Therefore, Chambers' four claims are unexhausted.

As I mentioned above, a district court confronting a petition that contains unexhausted claims should ordinarily dismiss the petition without prejudice. *See, e.g.*, *Perruquet*, 390 F.3d at 514; *Lundy*, 455 U.S. at 522. Chambers requests that I issue a stay and abeyance instead. I may stay habeas petitions "whenever good cause is shown and the claims are not plainly meritless." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

While his claims do not appear plainly meritless, Chambers has not established good cause for a stay. Chambers contends that he has not exhausted his claims because "the courts ha[ve] not been properly and appropriate operating" during the COVID-19 pandemic. ECF No. 3. The pandemic has certainly affected court proceedings, but it has not prevented litigants from seeking postconviction relief. The courts have remained opened, and Chambers could have sought to exhaust his claims before filing the instant petition.

Nor is this a case "where the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006); *Tucker*, 538 F.3d at 735. The AEDPA establishes a one-year statute of limitations for state prisoners to file for federal habeas relief. 28 U.S.C. § 2244(d). That statute of limitations begins to run on the latest of four specified dates. *Id.* For Chambers, the statute of limitations began to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Wisconsin Supreme Court upheld Chambers' conviction on February 23, 2021. *State v. Chambers* 955 N.W.2d 144 (Wis. 2021). Chambers then had 90 days to seek review in the United States Supreme Court by petitioning for a writ of certiorari. U.S. SUPREME COURT RULE 12. He did not seek that review, so the judgment became final, and the one-year statute of limitations began to run, on May 24, 2021. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). Thus, Chambers has just under four months left on his AEDPA statute of limitations. *Cf. Tucker*, 538 F.3d at 735 (dismissal with five months left on statute of limitations does not create substantial risk that petitioner will be barred from refiling after exhausting state remedies).

To exhaust his claims and preserve his right to refile his petition, Chambers must first properly file applications for postconviction or other collateral review in state court before May 24, 2021. *See* 28 U.S.C. § 2244(d)(2) (AEDPA statute of limitations tolled while properly filed applications are pending). He must then "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Once that review has concluded, Chambers may seek federal habeas relief on

the four claims in his current petition as well as any other exhausted claims that may come to his attention.

**IT IS THEREFORE ORDERED** that Chambers' petition for a stay and abeyance is **DENIED.**

**IT IS FURTHER ORDERED** that Chambers' petition is **DISMISSED** without prejudice for failure to exhaust state remedies. The Clerk of Court shall notify Chambers of this order.

Dated at Milwaukee, Wisconsin, on this 3rd day of February, 2022.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge